■ ATLAS ORGANIZATION, INC., Respondent, v BARINGTON CAPITAL GROUP, L.P., Appellant. [714 NYS2d 469] —Order, Supreme Court, New York County (Herman Cahn, J.), entered May 20, 2000, which, to the extent appealed from as limited by the brief, denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 insofar as to sustain plaintiff's first cause of action for breach of contract, unanimously affirmed, without costs.

The IAS Court correctly declined to dismiss plaintiff broker's claim for breach of contract since defendant's documentary evidence was insufficient to establish, as a matter of law, that plaintiff's entitlement to a commission had been conditioned upon the landlord's consent to defendant tenant's sublease of the subject premises. Although defendant through its real estate agent had initially advised plaintiff that plaintiff's commission was subject to the landlord's consent to the proposed sublease, subsequent correspondence, including plaintiff's counterproposal and the vague and sometimes contradictory responses thereto by defendant's agent, leaves a question of fact as to whether plaintiff agreed to condition its receipt of a brokerage commission upon more than its production of a party ready, willing and able to sublease the subject premises from defendant (*see, Rusciano Realty Servs. v Griffler*, 62 NY2d 696; *see also, Hecht v Meller*, 23 NY2d 301, 305). Concur—Rosenberger, J. P., Williams, Wallach, Saxe and Buckley, JJ.