Alphasense, Inc. v Financial Tech. Partners LP (2026 NY Slip Op 00185)

Alphasense, Inc. v Financial Tech. Partners LP

2026 NY Slip Op 00185

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kennedy, J.P., Gesmer, Rodriguez, Pitt-Burke, Chan, JJ. 

Index No. 651846/24|Appeal No. 5602|Case No. 2024-07809|

[*1]Alphasense, Inc. et al., Plaintiffs-Respondents,
vFinancial Technology Partners LP, et al., Defendants-Appellants.

Glenn Agre Bergman & Fuentes LLP, New York (Jed I. Bergman of counsel), for appellants.
Zeisler PLLC, New York (Meghan H. Sullivan of counsel), for respondents.

Order, Supreme Court, New York County (Anar Rathod Patel, J.), entered on or about December 6, 2024, which denied defendants' motion to dismiss the complaint, unanimously affirmed, with costs.
In this action seeking a declaration as to the validity of plaintiffs' termination of the parties' engagement pursuant to a "key man" provision, the court properly determined that the provision was open to interpretation and it was not appropriate to dismiss the complaint based only on the pleadings (see e.g. Fine Creative Media, Inc. v Barnes & Noble, Inc., 242 AD3d 452 [1st Dept 2025]; Atlas Org. v Barington Capital Group, 276 AD2d 385 [1st Dept 2000]). The declaratory judgment cause of action was also adequately stated based on allegations that defendants' managing partner "ceas[ed] his role of actively leading or co-leading the team providing the advisory services" to plaintiffs. The complaint further elaborates on this allegation by asserting that the managing partner, for example, failed to provide guidance or meaningful support, was absent from investor meetings, and offered no more than minimal input on fundraising efforts. The aforementioned general allegations, made in the context of the other specific allegations, are not conclusory and are relevant to the overall claim that the managing partner failed to lead or co-lead the team triggering the "key man" provision.
We reject defendants' argument that under the plain language of the agreement plaintiffs were required to specifically allege the precise moment that the managing partner ceased to actively lead or co-lead the team. We also reject defendants' position that the motion court improperly relied on pre-contractual assurances and negotiations. As the motion court correctly determined, the "key man" provision, on its face, fails to resolve plaintiff's declaratory judgment claim. Since it was adequately asserted, dismissal pursuant to CPLR 3211 § (a)(7) would be premature.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026